Nos. 22-2967, 22-3025, 22-3042

# In the United States Court of Appeals for the Third Circuit

AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS; INSTITUTES LLC,

        *Plaintiffs/Appellants/Cross-Appellees*,

v.

ADAM POTTER; PBIH LLC, f/k/a BUSINESS INSURANCE HOLDINGS LLC; BUSINESS INSURANCE HOLDINGS, INC.,

        *Defendants/Appellees/Cross-Appellants*.

On Appeal from the United States District Court
for the District of Delaware
No. 19-cv-519
District Judge Richard G. Andrews

**MOTION TO WITHDRAW AS COUNSEL FOR APPELLEE/CROSS-APPELLANT BUSINESS INSURANCE HOLDINGS, INC. AND TO EXTEND BRIEFING DEADLINES**

Christopher G. Oprison
DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131

January 20, 2023

Counsel for Appellee/Cross-Appellant the Business Insurance Holdings Inc. ("BIH"), Christopher G. Oprison and the law firm of DLA Piper LLP (US) (collectively, "Counsel"), move this Court to enter an order allowing their withdrawal as counsel of record for BIH and for a sixty (60) day extension of the briefing deadlines. In further support, Counsel states the following:

1. Counsel represented BIH throughout the proceedings in the District Court, including at the bench trial held in June 2022 and in connection with post-trial briefing that culminated in the final judgments and permanent injunction that are currently on appeal.

2. Since then, Counsel has taken all necessary steps in this Court to preserve BIH's appellate rights and to avoid harming BIH's interests, including by filing a notice of appeal and initial case-opening documents required by this Court.

3. But professional considerations require that Counsel terminate representation of BIH.

4. When BIH retained Counsel to represent it in the District Court and this appeal, BIH entered into an agreement with Counsel governing the terms of the representation. BIH has failed to abide by the terms of that agreement and has failed to substantially fulfill its obligations to Counsel, including obligations to pay Counsel for services rendered.

5. Counsel has undertaken extensive efforts to obtain BIH's compliance with the terms of its agreement with Counsel and has provided BIH with numerous warnings that Counsel will need to withdraw from representation absent prompt compliance. Yet BIH continues to be substantially non-compliant with obligations to Counsel.

6. As early as October 2022, Counsel notified BIH of its intent to seek leave to withdraw from these consolidated appeals. On January 5, 2023, Counsel provided a draft of this motion to BIH and informed BIH that it may not proceed *pro se* in these appeals.

7. The applicable Professional Rules permit counsel to withdraw in these circumstances, including where, as here, (i) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, and (ii) "the representation will result in an unreasonable financial burden on the lawyer." M.R.P.C. 1.16(b)(5), (6); Del. R.P.C. 1.16(b)(5), (6); *see* Del. R.P.C. 1.16, cmt. [8] ("A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.").

8. Counsel understands that BIH is in the process of securing replacement counsel to represent it in connection with this appeal.

9. If permitted to withdraw, Counsel will continue to take all steps necessary to protect and avoid harming BIH's interests, including working with replacement counsel to ensure they have all the information, record materials, and support needed to ably brief the issues on appeal. *See generally* M.R.P.C. 1.16(d). Withdrawing from representation of BIH accordingly will not result in a material adverse effect on BIH's interests.

10. To that end, if permitted to withdraw, Counsel requests that BIH be given additional time in which to hire new counsel and asks the Court to extend by sixty (60) days the upcoming deadlines for Appellees/Cross-Appellants to submit their initial appeals briefs.

11. The other parties to these appeals will not be prejudiced by Counsel's withdrawal and a brief delay in the briefing schedule while BIH secures replacement counsel. Plaintiff/Appellant filed its Opening Brief and Appendix on January 10, 2023, meaning that BIH's second-step brief would not be due until February 9, 2023—at the earliest.

12. Counsel for the other parties to these consolidated appeals have been notified of Counsel's request to withdraw and to extend the deadlines. Neither party opposes the request to withdraw.

13. Counsel for Plaintiffs/Appellants/Cross-Appellees, The American Institute for Charted Property Casualty Underwriters and The Institutes, LLC, consents to a sixty (60) day extension of all briefing deadlines for all parties. Counsel for the other Defendant/Appellee/Cross-Appellant, Adam Potter, consents to a thirty (30) day extension of all briefing deadlines but opposes a sixty (60) day extension.

WHEREFORE, Counsel for BIH respectfully requests that the Court grant this Motion.

Dated: January 20, 2023　　　　　　　　Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Christopher G. Oprison*
Christopher G. Oprison
DLA Piper LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131
(305) 423-8500

*Counsel for Appellee/Cross-Appellant Business Insurance Holdings, Inc.*

# CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 27 and Local R. 27.1, I certify the following:

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 688 words, excluding the parts of the brief exempted by the Rules.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

3.  This motion complies with the electronic filing requirements of Local R. 31.1(c) because Windows Defender Antivirus Version 1.1.19600.3 was run on the file containing the electronic version of this brief and no viruses were detected.

Dated:  January 20, 2023

By: */s/ Christopher G. Oprison*

*Counsel for Appellee/Cross-Appellant Business Insurance Holdings, Inc*

## CERTIFICATION OF BAR MEMBERSHIP

Pursuant to Local R. 46.1(e), I hereby certify that I, Christopher G. Oprison, am admitted as an attorney and member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

| | |
|---|---|
| Dated: January 20, 2023 | By: /s/ *Christopher G. Oprison* |
| | *Counsel for Appellee/Cross-Appellant Business Insurance Holdings, Inc.* |

## CERTIFICATION OF SERVICE

I certify that, on January 20, 2023, I caused this motion to be served on all counsel of record listed on the CM/ECF Service List.

By: */s/ Christopher G. Oprison*

*Counsel for Appellee/Cross-Appellant*
*Business Insurance Holdings, Inc*